```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

HENRY J. STARZYNSKI,

                            Plaintiff,        **No. 1:15-cv-00940(MAT)**
                                                                       **DECISION AND ORDER**

         -vs-

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                            Defendant.
_____

## INTRODUCTION

Represented by counsel, Henry J. Starzynski ("Plaintiff") instituted this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying his applications for Disability Insurance Benefits ("DIB"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## PROCEDURAL STATUS

On October 11, 2012, Plaintiff protectively filed an application for DIB, alleging disability beginning August 13, 2011. After the claim was denied on January 14, 2013, Plaintiff requested a hearing, which was held in Buffalo, New York, on March 28, 2014, before administrative law judge Donald T. McDougall ("the ALJ"). Plaintiff appeared with his attorney and testified, as did Josiah L. Pearson, a vocational expert ("the VE"). On May 14, 2014, the

ALJ issued an unfavorable decision. (T.17-26).[1] The Appeals Council denied Plaintiff's request for review on September 1, 2015, making the ALJ's decision the final decision of the Commissioner. This timely action followed.

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has filed a reply brief. The parties have comprehensively summarized the administrative transcript in their briefs, and the Court adopts and incorporates these factual summaries by reference. The Court will discuss the record evidence in further detail below, as necessary to the resolution of the parties' contentions.

For the reasons discussed below, the Commissioner's decision is reversed and the matter is remanded for further administrative proceedings consistent with this opinion.

**THE ALJ'S DECISION**

At step one of the sequential evaluation, see 20 C.F.R. §§ 404.1520(a), 416.920(a), the ALJ found that Plaintiff had not engaged in substantial gainful activity ("SGA") since the alleged onset date of August 13, 2011.

At step two, the ALJ found that Plaintiff had the following "severe" impairments: vertobrogenic disorder of the lumbar spine,

---

[1] Citations to "T." in parentheses refer to pages from the certified transcript of the administrative record.

and recent left hip replacement. The ALJ found that Plaintiff's history of post-operative methicillin-resistant staphyloccus aureus ("MRSA"), osteoarthritis of the right hip, and osteoarthritis of the right knee were "non-severe" impairments.

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of the one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). The ALJ gave particular consideration to Listing 1.03 (reconstructive surgery or surgical arthrodesis of a major weight-bearing joint) and Listing 1.04 (disorders of the spine). The ALJ found that the evidence did not include the clinical findings or diagnostic testing results, or the degree of functional limitation necessary to meet or equal either listing.

Before proceeding to the next step, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that he must be able to change positions briefly at least every 30 minutes; he cannot climb ladders, ropes, or scaffolds; he can do no more than occasionally climb stairs and ramps; he can only occasionally stoop or crouch; he cannot kneel or crawl; he is unable to work at heights or around dangerous moving machinery; and he cannot stand or walk or more than 15 minutes at a time.

At step four, the ALJ noted that Plaintiff, who was 53 years-old as of the date of the ALJ's decision, had past relevant work ("PRW") as an employment counselor (DOT No. 045.107-010) with the Erie County Department of Social Services, a skilled job (SVP 7) requiring a sedentary level of exertion. Plaintiff had performed this job at the SGA level during the last 15 years. Relying on the VE's testimony, the ALJ found that Plaintiff's PRW as it is generally performed in the national economy does not require the performance of work-related activities precluded by Plaintiff's RFC, and Plaintiff can perform his PRW. Based on that finding, the ALJ did not need to proceed to step five, and accordingly entered a finding of not disabled.

**SCOPE OF REVIEW**

When considering a claimant's challenge to the Commissioner's decision denying benefits under the Act, a district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), but "defer[s] to the Commissioner's resolution of conflicting evidence." Cage v. Comm'r of Soc. Sec., 692 F.3d 118,

122 (2d Cir. 2012) (citation omitted)). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

### I. Failure to Develop the Record (Plaintiff's Point 2)

Plaintiff argues that the ALJ failed to fulfill his regulatory duty to develop the record when he did not contact either Drs. Fahrback and Romanowski, two of Plaintiff's treating physicians, for clarification and amplification of their consistent description of Plaintiff as being "100% disabled."

"[B]ecause a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record[,]" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (internal quotation marks and brackets omitted), a duty which is not obviated "when a claimant is represented by counsel." Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). "Treating physicians' opinions generally are entitled to more weight because 'these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical

evidence alone or from reports of individual examinations, such as consultative examinations." Ubiles v. Astrue, No. 11-CV-6340T(MAT), 2012 WL 2572772, at *7 (W.D.N.Y. July 12, 2012) (quoting 20 C.F.R. § 404.1527(d)(2); brackets in original). "Consequently, 'the opinion of a treating physician is an especially important part of the record to be developed by the ALJ.'" Id. (quoting Hilsdorf, 724 F. Supp.2d at 343).

Here, in reviewing the medical opinion evidence and assessing Plaintiff's RFC, the ALJ "considered the repeated statements of Dr. Fahrbach and the claimant's primary care provider that the claimant is '100%' disabled" but gave them "no weight" because, inter alia, they were "vague and address[ed] a conclusion reserved to the Commissioner[.]" (T.25). The Court is well aware that the ultimate question as to whether a claimant is disabled is reserved to the Commissioner. However, "as courts in this Circuit have previously observed, 'it is unreasonable to expect a physician to make, on his own accord, the detailed functional assessment demanded by the Act in support of a patient seeking SSI benefits.'" Cadet v. Colvin, 121 F. Supp.3d 317, 320 (W.D.N.Y. 2015) (quoting Ubiles, 2012 WL 2572772, at *9). While the ALJ, in his decision, faulted Drs. Fahrbach and Romanowski for failing to provide detailed RFC assessments, there is no evidence that ALJ requested such assessments from Plaintiff's treating physicians or directed Plaintiff to obtain them prior to the hearing; nor did he mention,

at the hearing, any concerns about what he felt was the questionable conclusory nature of these doctors' opinions. The substantiality of the evidence supporting the RFC assessment is further undermined by the ALJ's admission that the opinions of consultative examiner Dr. Miller and independent medical examiner Dr. Michaels were "vague insofar as they [did] not provide a function-by-function assessment of the claimant's capabilities and limitations[.]" (T.25). Despite this defect, which the ALJ had just found to preclude the according *of any* weight to Plaintiff's treating physicians' opinions, the ALJ nonetheless assigned Dr. Miller's and Dr. Michaels' opinions "some weight." (T.25). The Court can discern no reasoned basis for the ALJ to accord "some weight" to certain physicians' opinions despite their vagueness, yet totally discount other physicians' opinions on the very same basis. It is plainly improper for an ALJ to cherry-pick evidence that supports a finding of not-disabled while ignoring other evidence favorable to the disability claimant. See Trumpower v. Colvin, No. 6:13-cv-6661(MAT), 2015 WL 162991, at *16 (W.D.N.Y. Jan. 13, 2015) ("While an ALJ is entitled to resolve conflicts in the evidentiary record, [he or] she 'cannot pick and choose evidence that supports a particular conclusion.'") (quoting Smith v. Bowen, 687 F. Supp. 902, 904 (S.D.N.Y. 1988); citations omitted). Even more troubling is the fact that the ALJ improperly applied two different standards for weighing evidence, depending on

which party was offering that evidence. This quasi-judicial "thumb on the scale" seriously calls into question the fairness of the proceeding below. See Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982) ("[I]n deciding whether the Secretary's conclusions . . . are supported by substantial evidence, which is the test on review, 42 U.S.C. s 1383(c)(3) (incorporating 42 U.S.C. s 405(g)), we must first satisfy ourselves that the claimant has had 'a full hearing under the Secretary's regulations and in accordance with the beneficent purposes of the Act.'") (quotation omitted); see also Schweiker v. McClure, 456 U.S. 188, 195 (1982) ("As this Court repeatedly has recognized, due process demands impartiality on the part of those who function in judicial or quasi-judicial capacities.").

## II. Erroneous Credibility Assessment: Failure to Consider Plaintiff's Good Work History (Plaintiff's Point 1)

Plaintiff argues that the ALJ, prior to finding that he could return to his PRW at step four, erroneously failed to consider his excellent work history. Specifically, Plaintiff was employed at the SGA level every year from 1987 and 2011; he earned more than $40,000 annually until 2009; and in his last full year of work, he earned over $51,000. (T.165-66). Plaintiff testified that he left this well-paying position as an employment counselor at the Erie County DSS due to his multiple medical issues. (T.74-75).

In cases involving substantial allegations of pain, where an ALJ is required to resolve medical evidence and the claimant's own testimony about his subjective symptomatology, the ALJ "must make credibility findings when there is conflicting evidence with respect to a material issue such as pain or other disability." Donato v. Sec'y of Dep't of Health & Human Servs. of U.S., 721 F.2d 414, 418 (2d Cir. 1983). "[S]ubjective pain may serve as the basis for establishing disability, even if . . . unaccompanied by positive clinical findings or other 'objective' medical evidence." Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979) (emphasis in original); accord Donato, 721 F.2d at 418; see also Social Security Ruling ("SSR") 16-3p, Titles II & XVI: Evaluation of Symptoms in Disability Claims, 2016 WL 1119029, at *1 & n.1 (S.S.A. Mar. 16, 2016) (superseding SSR 96-7p "to clarify that subjective symptom evaluation is not an examination of an individual's character, but rather is an evidence-based analysis of the administrative record to determine whether the nature, intensity, frequency, or severity of an individual's symptoms impact his or her ability to work"). The Second Circuit has stated that "[a] proper consideration of credibility should have involved considering factors such as evidence of a good work record, which [it] views as entitling a claimant to 'substantial credibility.'" Montes-Ruiz v. Chater, 129 F.3d 114, 1997 WL 710607, at *2 (2d Cir. 1997) (unpublished opn.) (quoting Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983)

("[T]he ALJ's reliance on [the claimant]'s testimony regarding his desire to work is misplaced. First, a review of the transcript of the hearing reveals no such admission by Rivera that he could work despite the headaches and neck pains. Second, any evidence of a desire by [the claimant] to work would merely emphasize the positive value of his 32-year employment history. A claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability.") (citation and footnote omitted).

There are other errors in the ALJ's credibility analysis that also must be addressed on remand. In particular, the ALJ relied on Plaintiff's "admissions" that he did light cooking and cleaning, showered and dressed daily, enjoyed watching television and listening to the radio, reading, going out to eat, and socializing with friends to reject his complaints of disabling limitations. This reasoning is flawed for at least three reasons. First, "[t]here is nothing inherent in these activities that proves Plaintiff has the ability to perform '[t]he basic mental demands of competitive, remunerative, unskilled work[, which] include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting[,]' SSR 85-15, much less to do so '8 hours a day, for 5 days a week, or an equivalent work

schedule[,]'"  Harris v. Colvin, 149 F. Supp. 3d 435, 445–46 (W.D.N.Y. 2016) (quoting SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. 1996). Courts in this Circuit consistently have observed that "[a] claimant's participation in the activities of daily living will not rebut his or her subjective statements of pain or impairment unless there is proof that the claimant engaged in those activities for sustained periods of time comparable to those required to hold a sedentary job." Polidoro v. Apfel, No. 98 CIV.2071(RPP), 1999 WL 203350, at *8 (S.D.N.Y. 1999) (citing Carroll v. Sec'y of Health and Human Servs., 705 F.2d 638, 643 (2d Cir. 1983) (finding that Secretary failed to sustain burden of showing that claimant could perform sedentary work on the basis of (1) testimony that he sometimes reads, watches television, listens to the radio, rides buses and subways, and (2) ALJ's observation that claimant "'sat still for the duration of the hearing and was in no evident pain or distress'"; circuit found "[t]here was no proof that [claimant] engaged in any of these activities for sustained periods comparable to those required to hold a sedentary job")). Second, the ALJ disregarded well-established precedent holding that a claimant need not be reduced to a vegetative state before being found disabled. See, e.g., Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations.") Third, the ALJ fell prey to the tendency to "play doctor" and relied on his

own lay intuition when he surmised that Plaintiff's "interest in and ability to read, watch television and socialize" "*suggests* [he has] the capacity for sedentary work not significantly limited by pain." See, e.g., Hilsdorf v. Comm'r of Social Sec., 724 F. Supp.2d 330, 354 (E.D.N.Y. 2010) ("[T]he ALJ improperly drew his own conclusions about [the claimant]'s daily functioning, which were not supported by substantial evidence."). Here, not only did the ALJ misapply the Commissioner's policy rulings and regulations regarding the credibility assessment, he failed to explain how, in a manner sufficient to allow for meaningful appellate review, Plaintiff had the ability to engage in any of these activities for sustained periods comparable to those required to hold a sedentary job. See Meadors v. Astrue, 370 F. App'x 179, 184 (2d Cir. 2010) ("Because we agree that the ALJ did not properly evaluate the [the claimant]'s testimony regarding her pain, we are unable to give his calculation of [the claimant]'s RFC meaningful review.").[2]

**CONCLUSION**

For the reasons discussed above, the Commissioner's motion for judgment on the pleadings is denied. Plaintiff's motion for judgment on the pleadings is granted to the extent the Commissioner's decision is reversed, and the matter is remanded for

---

[2] Indeed, the Court has significant doubts as to *how* the ability to read, watch television and socialize, even if performed for 8 hours a day, 5 days a week, could ever be exertionally comparable to a sedentary job, in which a specific level of performance is required.

further administrative proceedings consistent with the instructions in this Decision and Order. In particular, the Commissioner is directed to request detailed RFC assessments from Dr. Fahrbach and Romanowski; re-evaluate Plaintiff's credibility; and re-evaluate Plaintiff's RFC, in light of the supplementation of the record directed above.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

S/Michael A. Telesca

_____
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   November 29, 2016
         Rochester, New York.