UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

HENRY J. STARZYNSKI,

                               Plaintiff,

                                         **No. 1:15-cv-00940-MAT**
                 -vs-                        **DECISION AND ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                               Defendant.

---

**I.   Background**

Represented by counsel, Henry J. Starzynski ("Plaintiff") commenced this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits ("DIB"). On November 30, 2016, this Court entered a judgment reversing the Commissioner's decision and remanding this case for further administrative proceedings.

On remand, an administrative law judge issued a fully favorable decision on July 30, 2018, finding Plaintiff disabled as of August 13, 2011. On August 14, 2018, the Social Security Administration issued a Notice of Award stating that Plaintiff was entitled to $143,158.00 in past due benefits. The Notice of Award also indicated that the Commissioner had withheld 25 percent of the past due benefits, or $35,789.50, to pay any duly approved attorney's fees.

Plaintiff has filed a motion pursuant to 42 U.S.C. § 406(b) ("Section 406(b) Motion"), requesting approval of an award in the amount of $35,789.50 for legal services performed by his counsel in federal district court. The Commissioner filed a response indicating that she has no objections to Plaintiff's request for attorney's fees pursuant to Section 406(b) but requests that the Court conduct an independent reasonableness review, as required by law. For the reasons discussed below, Plaintiff's Section 406(b) Motion is granted.

**II. Applicable Legal Principles**

Section 406(b) provides in relevant part that "[w]henever a court renders a judgment favorable to a claimant. . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).

"Within the 25 percent boundary" set by Section 406(b), "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (citation omitted). Section 406(b) also "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. (footnotes omitted). Thus, it is the district court's responsibility to determine whether the requested

fees are unreasonable, as required by Social Security Act and Gisbrecht, supra.

After ascertaining that a given contingent fee agreement is within the 25 percent statutory boundary, courts have considered the following factors in determining whether the resulting fee is reasonable: 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. Joslyn v. Barnhart, 389 F. Supp.2d 454, 456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808).

**III. Discussion**

With regard to the first Gisbrecht factor, the Court finds that the requested fee is in line with the "character of the representation and the results the representation achieved." Here, counsel's effective briefing secured a reversal and remand for further administrative proceedings. Following remand, an ALJ issued a fully favorable decision, awarding Plaintiff benefits as of August 13, 2011. This factor accordingly weighs in favor of finding reasonableness.

Turning to the second factor, counsel did not engage in dilatory litigation tactics or otherwise cause delay in the

proceedings that might have inflated past due benefits and thus the potential fee award. The second factor also weighs in favor of finding reasonableness.

Finally, with regard to whether the requested fee represents a "windfall," the Court notes that counsel's request of $35,789.50 represents 25 percent of the past due benefits awarded to Plaintiff. It is permissible under the fee agreement between Plaintiff and his attorney, which, consistent with the statutory cap, allows for up to 25 percent of any past due benefits awarded.

The Supreme Court has not provided clear guidance on assessing this factor, but has suggested that conducting what is essentially a lodestar analysis may be helpful. See Gisbrecht, 535 U.S. at 808 (suggesting that the hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement"). Based on the itemized statement submitted, counsel spent a total of 34.2 hours representing Plaintiff in the district court. Dividing the Section 406(b)(1) fee requested ($35,789.50) by the total hours (34.2) yields an hourly rate of $1,046.48. The Commissioner believes that this hourly rate does not appear to be unreasonable, i.e., does not seem so large as to be a windfall to the attorney, and thus is in line with Gisbrecht, supra. As the Commissioner notes, several cases in this Circuit have reduced similar hourly rates, but the facts in those cases differ from the instant matter.

For instance, in Devenish v. Astrue, 85 F. Supp.3d 634, 638-39 (E.D.N.Y. 2015), the plaintiff's attorney sought an effective hourly rate of $1,000. However, the district court found that reduction of the rate was warranted in that case because the attorney, "though successful, did not prepare any memorandum of law in support of his complaint or advance any legal arguments because the ALJ's denial of [Devenish]'s benefits claim was vacated and remanded to the SSA by stipulation of the parties." Id. at 637. Here, Plaintiff's counsel prepared both an extensive memorandum of law and a reply brief.

As the Commissioner also notes, other cases in this Circuit have found that effective hourly rates similar to that requested by Plaintiff's counsel are not unreasonable. For example, in Schiebel v. Colvin, No. 614CV00739LEKTWD, 2016 WL 7338410 (N.D.N.Y. Dec. 19, 2016), the plaintiff's attorney requested an effective hourly rate of $975.68. Id. at *1. The district court declined to reduce the rate and distinguished cases such as Devenish, finding that the work performed by Schiebel's attorney was "not primarily routine in nature." Id. at *3. Instead, counsel prepared "a thorough and persuasive brief regarding the merits of Schiebel's position" which "arguably contributed to the Commissioner's decision to stipulate to a remand." Id. at *3 (citing cases where fees approaching and exceeding $1,000 were found not unreasonable). Likewise, the services performed by Plaintiff's attorney in this case were not "primarily routine" in nature.

Moreover, the Court notes, Plaintiff's counsel already has been awarded $6,300.00 in fees under Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).[1] That amount will be refunded to Plaintiff, which means the net award to Plaintiff's counsel under Section 406(b) will be $29,489.50. Dividing $29,489.50 by 34.2 yields an effective hourly rate of $862.27.

A contingent fee outside of the Social Security context typically represents the past and future value of the case. Here, however, the statute provides that attorney's fees are based solely on past-due benefits. See 42 U.S.C. § 406(b)(1). The value of this case to Plaintiff is greater than the amount of past due benefits received, since Plaintiff will receive not only the past due benefits owing, but also ongoing benefits until he dies, reaches retirement age, or is no longer disabled. In addition, the value of health care benefits attendant to Title II benefits is not included in the computation of the fee under Section 406(b)(1). The Court agrees that the value of this case to Plaintiff is considerably greater than past-due benefits received.

Furthermore, Plaintiff's case involved a substantial risk of loss to Counsel, the benefits claim having been denied at multiple

---

[1] By stipulation and order dated March 20, 2017, this Court awarded Plaintiff's attorney $6,300.00 in fees under the EAJA plus $400.00 in costs, for a total of $6,700.00. The lesser of the two fees awarded under Section 406(b) and the EAJA fee will be paid to Plaintiff. See Gisbrecht, 535 U.S. at 796 ("Fee awards may be made under both prescriptions [in the EAJA and Section 406(b)], but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186; second alteration in original). Thus, if the pending application is granted, Plaintiff will receive $6,300.00. See id.

levels of agency review before the initiation of this civil action. The Court also considers the deference owed to lawful attorney-client fee agreements, Gisbrecht, 535 U.S. at 793, and the interest in assuring that attorneys continue to represent clients such as Plaintiff, id. at 805. All of these factors counsel a finding that the fee requested is reasonable, and the Commissioner does not disagree.

**IV. Conclusion**

For the reasons set forth above, the Court grants the Section 406(b)(1) Motion in its entirety and awards attorney's fees in the amount of $35,789.50. The Court directs the Commissioner to release the funds withheld from Plaintiff's benefits award. Upon receipt of the fee award, Plaintiff's counsel shall refund to Plaintiff the $6,300.00 in EAJA fees previously awarded.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   October 11, 2018
         Rochester, New York